IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY BERNARD WILLIAMS                                                                                       PLAINTIFF

v.                                  Civil No. 4:10-cv-04194

OFFICER ADAMS, Miller County
Correctional Facility (MCCF); OFFICER
WILKERSON, MCCF; SGT. WELCH,
MCCF; SGT. ELLOITE, MCCF; INMATE
STEVIE EVANS, Incarcerated at the MCCF;
NURSE WILLIAMS, MCCF; INMATE
KELLY HANCOCK, Incarcerated at the Varner
Unit of the Arkansas Department of Correction;
and CPL. LAFAYETTE, MCCF                                                                                     DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Tracy Bernard Williams, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Paul K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. For the reasons stated below, I recommend that the claims against Inmate Stevie Evans and Inmate Kelly Hancock be dismissed.

**1. Background**

According to the allegations of the complaint, Williams complained to Defendants about Inmate Evans writing on the cell wall, threatening to flood the cell, and threatening to cause him bodily harm. Williams indicates Evans was removed from the cell; However, the next morning Evans was back in the unit and at Williams' cell door again threatening him. Williams alleges Nurse Williams, Officer Adams, Officer Wilkerson, Sergeant Welch and Sergeant Elloite placed Evans back in the unit.

Williams maintains Nurse Williams told Evans that Williams was charged with raping his minor daughter and attempted to get Evans to "jump" him. Williams also maintains Nurse Williams had

Inmate Kelly Hancock "spreading" around the crime Williams was charged with.  Williams denies he is guilty of raping his daughter.

On October 30, 2010, Williams states Evans "blind-sided" him.  Following the incident, Williams alleges he was placed in a "lock up belt" belt by Wilkerson and Adams while nothing was done to Evans.  Williams would like to bring criminal charges against the two inmates.

**2. Discussion**

A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.  "Section 1983 secures most constitutional rights from infringement by governments [or individuals employed by governmental entities], not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588 (8th Cir. 2004).  A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).  The claims against Evans and Hancock fail.

To the extent Williams' claims are based on the refusal of the Defendant officers to bring criminal charges against Inmate S. Evans and/or Inmate K. Hancock, the claims fail.  A private citizen has no right to institute criminal prosecution.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

**3. Conclusion**

I therefore recommend that Williams' claims against Inmate Stevie Evans and Inmate Kelly Hancock be dismissed.  I further recommend any claims based on a Defendants' alleged failure to bring criminal charges is also subject to dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).  However, we note that the complaint

will be served on the remaining Defendants by separate order.

**Williams has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Williams is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April 2011.

                                                /s/ Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE